ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
{¶ 2} Plaintiff-appellant State of Ohio appeals the dismissal of drug charges brought pursuant to R.C. 2925.07. The trial court dismissed the charges based on the Ohio Legislature's repeal of R.C. 2925.07 on February 13, 2001. On appeal, the State claims that the repealed statute does not confer immunity for violations committed before the repeal. After careful review, we reverse and remand.
{¶ 3} The record presented to us on appeal reveals the following pertinent facts: On May 4, 2000, Vernon Lomax, the appellee herein, was arrested after the Cleveland police confiscated 19 small bags of marijuana. On February 13, 2001, R.C. 2925.07 was repealed by the Ohio Legislature. On February 14, 2001, the Cuyahoga County Grand Jury indicted appellee on one count of preparation of drugs for sale in violation of R.C. 2925.07. On August 21, 2001, the Cuyahoga Common Pleas Court dismissed the indictment with prejudice because the charging statute was repealed before the date of the indictment. It is from this decision that the State now appeals and raises one assignment of error.
 {¶ 4} I. TRIAL COURT ERRED IN DISMISSING A FELONY DRUG PREPARATION FOR SALE CASE INDICTED UNDER A REPEALED R.C. 2925.07 WHEN THE INDICTMENT ALLEGED THAT THE OFFENSE OCCURRED PRIOR TO THE DATE THE STATUE [SIC] WAS REPEALED.
{¶ 5} In its sole assignment of error, the State contends that the trial court erred in dismissing the drug charges against appellee since the alleged violation occurred months before R.C. 2925.07 was repealed. In turn, appellee contends that the drug charges were properly dismissed because the indictment did not charge him with a crime that was in existence at the time trial commenced. We disagree.
{¶ 6} R.C. 1.58(A)(3) specifically provides that the repeal of a criminal statute after a crime subject to it has been committed has no effect on the prior operation of the statute or any prior action under it. R.C. 1.58 (A)(4) further provides that a proceeding may be instituted as if the statute had not been repealed.
{¶ 7} Here, appellee was arrested on May 4, 2000. He was indicted on February 14, 2001 as a result of this conduct. The indictment charged him with violating the law in effect at the time the alleged crime occurred. By the express language of R.C. 1.58, the repeal of R.C. 2925.07
after the alleged violation occurred did not prevent the State from indicting appellee for violation of the statute. See State v. Akabar (May 1, 1975), Cuyahoga App. No. 33868, unreported; State v. Mishler (Oct. 16, 1991), Tuscarawas App. No. 91AP070038, unreported.
{¶ 8} Assignment of Error I is sustained.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANNE L. KILBANE, J., CONCUR.